IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

―――――――――――――――――――――――――――

| | |
|---|---|
| MARCELINO HERNANDEZ, PRO SE, § <br> A.K.A. OSCAR TELAMONTES, § <br> TDCJ-CID #1031243, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Dr. NFN LACY and NFN COWDEN, § <br> § <br> Defendants. § | 2:06-CV-0078 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MARCELINO HERNANDEZ, a.k.a. OSCAR TELAMONTES, acting *pro se* and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants. Plaintiff originally filed suit in the United States District Court for the Eastern District of Texas, Beaumont Division. The claims in this cause were severed and transferred to the United States District Court for the Northern District of Texas, Amarillo Division, on March 6, 2006. Plaintiff has been granted permission to proceed *in forma pauperis*.

By his December 1, 2006 amended complaint, plaintiff states he is suing the defendants for refusing "to reveal to [plaintiff his] condition as to medical symptoms, the reason for those symptoms, nor would either of them discuss the results of an EKG test performed on [plaintiff] at the time of an [sic] heart failure that [he] experienced." Plaintiff states he was also denied

medication prescribed by physicians at Northwest Hospital and is seeking information as to any damages he suffered "at their hands."

Plaintiff requests injunctive relief in the form of an order instructing medical authorities to schedule specialists for his care.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).  By Attachment "A" to his December 1, 2006 Amended Complaint, plaintiff informs the Court his only attempt to exhaust administrative remedies was taken while at the Stiles Unit and was attached to his original complaint.  Review of that grievance no. 2006049765 reveals it contains no mention of either defendant LACY or COWDEN and does not mention any of the matters he says gave rise to his claims against these defendants.  Instead, it mentions Dr. Surapenni and P.A. Slovacek and plaintiff's foot fungus, a misdiagnosed mass on his lung, and migraine headaches for which he only received treatment at the Neal Unit.  None of these complaints appears to form the basis for plaintiff's claims against defendants LACY and COWDEN.  It appears plaintiff failed to exhaust administrative remedies concerning the incidents forming the basis of his claims against defendants LACY and COWDEN before filing suit in federal court.

By choosing to file suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled.  *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).  Consequently, plaintiff's food service claim lack an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Moreover, plaintiff was transferred from the Neal Unit to the Mark Stiles Unit before he originally filed suit in the Eastern District of Texas and has not been transferred back to any unit

within the geographical jurisdiction of this Court. Plaintiff's transfer renders his request for injunctive relief[3] moot. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

It is HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff MARCELINO HERNANDEZ, a.k.a. OSCAR TELAMONTES is DISMISSED AS MOOT and WITH PREJUDICE AS FRIVOLOUS.

IT IS SO ORDERED.

ENTERED this  11th  day of December, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes plaintiff requested monetary relief in his original complaint; however, his amended complaint contains only a request for injunctive relief. An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). Therefore, the request for relief contained in plaintiff's amended complaint is the only request presently made by plaintiff.